9521

LANGLEY v. STOKES.

(90 S. E. 31.)

1. ABATEMENT AND REVIVAL—OTHER ACTION PENDING—WHICH ACTION ABATES.—Where two actions are pending, between the same parties, about the same matter, it is not always imperative that the one last brought shall abate or be discontinued; if they are in the same Court, the Court may abate either and allow the other to proceed, or if they are in different Courts in the same jurisdiction, either may be discontinued and the other prosecuted, according to the justice of the situation.

2. APPEAL AND ERROR — DISMISSAL AND NONSUIT — DISCONTINUANCE — DISCRETION OF COURT—REVIEW.—Where plaintiff sued in the Circuit Court on notes, while his actions thereon were pending in a magistrate's Court, defendant setting up a defense and a counterclaim, the amount of which was within the jurisdiction of the magistrate's

Court, the granting of plaintiff's motion to discontinue his suit in the Circuit Court was within the discretion of such Court, not to be interfered with by the Supreme Court, as defendant was not prejudiced by the discontinuance.

Before SHIPP, J., Orangeburg, April, 1915.　Affirmed.

Action by D. Langley against A. M. Stokes.　From an order granting plaintiff's motion to discontinue, defendant appeals.

*Mr. W. B. Martin,* for appellant, cites: *As to discontinuance:* 77 N. C. 271.　*Counterclaim:* 70 S. C. 89; 80 S. C. 459.　*Objections to discontinuance:* 29 N. J. L. 264.

*Messrs. Moss & Lide,* for respondent, cite: 80 S. C. 455; 82 S. C. 15; 90 S. C. 122.

September 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued defendant in the Circuit Court on four promissory notes for $40 each.　Defendant pleaded illegality in the consideration of the notes, and that actions were pending in the Court of a magistrate upon each of the notes, and set up a counterclaim for $50 damages.　Plaintiff then moved to discontinue the action in the Circuit Court on the ground of the pendency of the actions in the magistrate's Court.　Defendant objected on the ground that he had a right to have his counterclaim adjudicated, and, as plaintiff was a nonresident of the State, if this action were discontinued, he would be compelled to go into a foreign jurisdic-

FOOTNOTE.—As to when action is deemed commenced for purpose of abating subsequent action, see notes in 52 L. R. A. (N. S.) 888.

tion to sue on his counterclaim. Plaintiff's attorneys then agreed that they would either bring a new action in the Circuit Court (presumably after discontinuing those pending in the magistrate's Court), in which defendant could again set up his counterclaim, or they would accept service for plaintiff of an independent action against him by defendant upon the counterclaim. The Court granted plaintiff's motion, on payment of costs, and on condition that plaintiff should bring a new action against defendant within 20 days, in which he should have the right to set up his defenses and counterclaim, and, on plaintiff's failure to do so, defendant to have the right to bring a separate action against plaintiff on his counterclaim, of which plaintiff's attorneys should accept service. From this order defendant appealed.

We are of the opinion that there was "much ado about nothing." There was really no good reason, so far as the record shows, why this action should have been discontinued because of the pendency of the actions in the magistrate's Court. The plaintiff might have discontinued those actions, and proceeded with this. Where two actions are pending between the same parties about the same matter, it is not always imperative that the one last brought shall abate or be discontinued. If they are in the same Court, the Court may abate either and allow the other to proceed, or if they are in different Courts in the same jurisdiction, either may be discontinued and the other prosecuted, according to the justice of the situation. The rule means only that a party shall not be harrassed or prejudiced by having to defend more than one action for the same cause at the same time.

We see no reason why defendant would be prejudiced by the discontinuance of this action, or the necessity for plaintiff to bring another action in the Circuit Court to allow defendant to set up his defense and counterclaim, because he can set up both in the magistrate's

Court, as the amount of the counterclaim is within the jurisdiction of that Court.

The decisions of this Court cited in the briefs show that the granting or refusing of a discontinuance is in the discretion of the Court, and that the exercise of that discretion will not be interfered with by this Court, unless it is made to appear that it was prejudicial to the rights of the party complaining. The defendant has not made it appear that he will be prejudiced by the order below. On the contrary, it is conditioned upon the preservation and protection of his rights. Therefore, he has no just ground to complain of it, and it is affirmed.

Affirmed.